IN THE UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

FIFTH DIVISION

| | |
|---|---|
| CRAIG McNEIL, RICHARD T. NELSON, COLE NELSON, AND AMERICAN TRAIN DISPATCHERS DIVISION OF BLE,<br><br>Plaintiffs,<br><br>vs.<br><br>DULUTH, MISSABE AND IRON RANGE RAILROAD SYSTEM,<br><br>Defendant. | CIVIL NO.: 00-2649 (PAM/RLE)<br><br>**PROTECTIVE ORDER** |

Based upon the Stipulation for a Protective Order, which is on file with the Court and incorporated by reference herein, the above-entitled parties, through their respective counsel herein, have agreed that discovery sought in the above-entitled action will involve the disclosure of confidential or proprietary information, (hereinafter referred to as ("Confidential Matter");

Accordingly, IT IS HEREBY ORDERED:

1. The producing party may identify or otherwise designate any documents produced as being Confidential Matter.

2. Such Confidential Matter shall be used only by the attorneys of record for the parties. The Confidential Matters shall be used only for the purposes of this litigation and for no other purpose, and the Confidential Matter shall not be disclosed except to the following persons:

FILED MAY 30 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

28

a. The parties (including officers, directors and employees of any of the parties;

b. The Court IN CAMERA OR UNDER SEAL;

c. Attorneys, paralegals, secretaries or other employees from law firms of record for the parties;

d. Experts for the parties, or such other persons to whom, in the good faith judgment of the attorneys of record for the parties, it is necessary to disclose such Confidential Matter, provided paragraph 9 herein is complied with.

e. Deponents as provided in Paragraph 3, below;

f. Court reporters.

3. The Confidential Matter may be exhibited to and/or the information contained therein may be disclosed to the deponents during oral depositions and such deponents may be questioned with respect to such Confidential Matter during oral deposition, provided, that to the extent that the transcript of any deposition, or the exhibits thereto, incorporates the Confidential Matter, such transcript and any such exhibit shall be subject to the terms of this Protective Order in the same manner as Confidential matter.

4. If, at the time of trial, counsel (other than counsel for the producing party) intends to introduce into evidence any such Confidential Matter, counsel shall give reasonable notice of that intention to the Court and counsel for the producing party and the Court shall take such steps as they deem reasonably necessary to preserve confidentiality.

5. Upon the final termination of the above-entitled action by settlement, dismissal, verdict or other disposition, this Order shall continue to be binding upon all attorneys of record and persons to whom the Confidential Matter has been disclosed. Within sixty (60) days of the final termination of the above-entitled action, the original

and all copies of all Confidential Matter, including any summaries and memoranda made thereof, shall be returned to the producing party.

6. Nothing in this Order shall operate to waive the right of any party to these proceedings to assert objections to the production or admissibility of the Confidential Matter on any ground.

7. This Protective Order may be modified by written Stipulation signed by the attorneys of record and/or by further Order of the Court upon application to the Court, with proper notice.

8. Any documents produced hereunder as Confidential Matter, if filed or delivered to the Court, shall be filed under seal subject to further Order of the Court.

9. Prior to the review of documents made available pursuant to this Protective Order, counsel for each party shall ensure that any person, as described in Paragraph 2, to whom disclosure is made, has received and read a copy of the Protective Order, has been advised of and understands its terms, and has agreed to be bound by the terms of the Protective Order by signing a copy of the Confidentiality Agreement attached hereto as Exhibit A. All such persons shall be bound by the terms of the Protective Order and shall not disclose the contents of any document other than pursuant to the terms of the Court Order. Counsel for each party shall maintain a file of all executed Confidentiality Agreements they have procured and a list identifying all persons to whom any Confidential Matter has been disclosed. These files and lists shall be provided to all counsel, upon request, after completion of this litigation.

10. Nothing in this Order shall preclude any party from seeking any additional protection with respect to the confidentiality of documents or information. This

Protective Order shall not be construed in any manner as an Order that any Confidential Matter produced hereunder is admissible in this action or any other related proceeding.

Dated: MAY 3 0 2001

Raymond C Erickson
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Office of the Clerk
417 Federal Building
515 West First Street
Duluth, MN 55802

## Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing ***confidential original*** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 *All pleadings, motions, and other papers presented for filing shall be on 8½ x 11 inch white paper . . . flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts)*.

B. Each envelope must list the following information, and ***EACH DOCUMENT IS TO BE IN A SEPARATE ENVELOPE***.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.